CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JAN 21 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN F. MYERS, | ) |
| Plaintiff, | ) Case No. 7:10CV00020 |
| v. | ) **MEMORANDUM OPINION** |
| GENE JOHNSON, ET AL., | ) By: Glen E. Conrad |
| Defendants. | ) United States District Judge |

Plaintiff John F. Myers, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Myers asserts that because he has a lengthy sentence, he should not be housed at the local county jail and should be transferred immediately to a state-operated prison facility. As relief in this action, he seeks a transfer. Upon review of the record, the court finds that the complaint must be dismissed.

Myers' complaint is brief. He states that he has been sentenced to 48 years by the Rockingham County Circuit Court, that he is thus a "DOC inmate" (apparently referring to the Virginia Department of Corrections), and that he should no longer be incarcerated at the Rockingham-Harrisonburg Regional Jail, but should be transferred to a DOC facility. He submits a copy of a December 7, 2009 order issued by the Circuit Court, in which the trial judge amended the original sentencing order, entered December 1, 2009, to include the phrase: "the Rockingham County Jail is to immediately transfer the defendant to the Department of Corrections."

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the

complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." A claim based on "an indisputably meritless legal theory" may be summarily dismissed as frivolous under § 1915A(b)(1). Neitzke v. Williams, 490 U.S. 319, 327 (1989) (applying prior version of statute). After review of Myers' allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

An inmate has no due process right to expect that he will be assigned to any one prison facility over another, even when the conditions in one facility are more favorable than in other facilities. Meachum v. Fano, 427 U.S. 215, 223-224 (1976); Moody v. Daggett, 429 U.S. 78, 88 (1976) (internal quotations omitted). Moreover, a state's failure to abide by its own law as to procedural protections regarding prison matters is not a federal due process issue and is, therefore, not actionable under §1983. Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990).

Under these principles, Myers has no actionable claim under § 1983. He has no federal constitutional right to be transferred from the local jail to a VDOC facility. Meachum, 427 U.S. at 223-24. Nor does the trial judge's order create any constitutional right for a transfer, as the judge's order and officials' apparent failure to comply with it as quickly as Myers believes they should are matters of state procedural law, not actionable under § 1983. Riccio, 907 F.2d at 1469. See also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (finding no right to federal habeas relief based on alleged violation of state law).

## Conclusion

For the stated reasons, the court concludes that Myers' complaint must be summarily dismissed, pursuant to § 1915A(b)(1), as legally frivolous. His allegation that he has a federally protected right to be transferred to a VDOC prison has no legal basis, and his § 1983 claim must be dismissed accordingly.[1] An appropriate order will enter this day.

---

[1] To the extent that Myers raises some claim under state law, the court declines to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of January, 2010.

_____
United States District Judge